UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID COLLAZO,<br><br>Defendant | CRIMINAL NO. 3:19-CR-00265<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This matter comes before the Court on Defendant's Motion for Pretrial Release Due to COVID-19. (Doc. 33). Defendant, David Collazo, moves this Court to reopen his detention hearing to consider new information about Defendant's employment history, family ties, and the length of time in the community, and the COVID-19 pandemic. (Doc. 33; Doc. 35). The Government opposes this motion. (Doc. 36).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On September 17, 2019, Collazo was charged by Indictment with three counts of distribution and possession with intent to distribute methamphetamine, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (a)(1)(A). (Doc. 1). Collazo appeared before this Court for his initial appearance and arraignment on September 24, 2019, at which time the Government sought detention and Collazo sought release. After a detention hearing, the Court held that Collazo did not present sufficient evidence to rebut the presumption pursuant to 18 U.S.C. §

3142(e)(3)[1] and further, that detention was warranted based on consideration of the factors to be considered under the Bail Reform Act – the nature and circumstances of the offenses charged; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the danger to the community should he be released. In particular, the Court noted that the weight of the evidence is strong, Collazo is subject to a lengthy period of incarceration if convicted, he has a prior criminal history, and he has history of criminal activity while on probation, parole, or supervision. (Doc. 9).

Collazo is currently housed at Lackawanna County Prison. On April 13, 2020, Collazo, through counsel, filed a motion to review detention,[2] submitting that new

---

[1] Under the Bail Reform Act, certain charges, such as those in the instant case, raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). A defendant may rebut the presumption of detention by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The charges against Collazo are serious drug trafficking charges which raise the presumption under § 3142(e)(3).

[2] Collazo does not identify the statutory basis for the relief he seeks; however, his motion and brief both seek review of his detention hearing based on "changed circumstances" and new information. As such, the Court construes the motion as one to reopen the detention hearing pursuant to § 3142(f), the subsection of the statute which references review of detention based upon new information. Unlike in other cases, where the defendant may have also made argument that the COVID-19 pandemic was impeding his ability to prepare for trial, Collazo does not make any argument which might be construed as moving for temporary release under § 3142(i) for a "compelling reason." As such, despite the Government suggesting that Collazo "may" argue for release under that subsection, the Court does not construe the motion as one for relief under § 3142(i) and will not consider that argument herein.

Further, if Collazo were pursuing temporary release pursuant to § 3142(i) it would be his burden to establish that such release is warranted. *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases). The Court will

information regarding his ties to the community and potential employment, along with the existence of the COVID-19 pandemic, require that this Court reopen the detention hearing and grant Collazo pretrial release.[3] Collazo, who is 33 years old, alleges that he has been diagnosed with asthma since childhood and has higher stress and anxiety as a result of the conditions at Lackawanna County Prison.[4] (Doc. 33, at ¶9). He submits that the asthma places him at higher risk for contracting the COVID-19 virus than if he were home with his wife and family.

Counsel for Collazo filed a Notice with the Court on April 15, 2020 indicating that the parties were unable to come to an agreement regarding his release from detention. Collazo asks the Court to conduct a hearing[5] on his motion. (Doc. 37).

---

not make any finding as to release under (i), but does note that, based on the record before it, it does not appear that such temporary release would be warranted. *See United States v. Veras,*, 2020 WL 1675975 (M.D. Pa. Apr. 6, 2020) (in reviewing a motion for temporary release under § 3142(i) the Court will review (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.).

[3] In his latest motion, Collazo incorporates arguments made in a motion to revoke the earlier detention order, filed on March 4, 2020, and asking the District Court to review the previous order of detention. (Doc. 25). That motion remains pending before the Court.

[4] Collazo did not report any diagnosis of asthma during his pretrial services interview, and was reported to be in good physical health.

[5] The Court is able to reach its decision on this motion without a hearing, having concluded that reopening the detention hearing is not warranted.

**II.     DISCUSSION**

    A.    THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[6] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[7] As of the date of this writing, there are 3,435,894 confirmed cases worldwide and 239,604 deaths; in the United States, there are 1,125,719 confirmed cases and 60,710 deaths.[8] Mindful of the incredible magnitude of this situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

    B.    CONDITIONS AT LACKAWANNA COUNTY PRISON

In its brief in opposition, the Government describes and attaches the preventative actions taken by Lackawanna County Prison in response to the COVID-19 pandemic. (Doc.

---

[6] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[7] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[8] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 4, 2020).

36, at 38-40). The prison has implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff, including suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings; planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area. In addition to the above measures and precautions, effective March 20, 2020, the Warden of Lackawanna County prison began requiring that all employees and other individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison. (Doc. 36, at 38-40).

As of April 2, 2020, one correctional officer at the Lackawanna County Prison tested positive for the virus. According to the U.S. Marshals Service, the officer who tested positive did not have any close contact with Marshal Service Personnel, and that it is unlikely, though possible, that the officer who tested positive had close contact with federal inmates at the prison. That officer is recovered from the virus, and no other cases have been reported at the prison.

    C.    RECONSIDERATION OF DETENTION ORDER PURSUANT TO § 3142(F)

Collazo asks this Court to reconsider its previous detention decision based upon the new information regarding his ties to the community and potential employment, and the circumstances of the COVID-19 pandemic. 18 U.S.C. § 3142(f) states, in pertinent part, as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was *not known* to the movant at the time of the hearing and that has a *material bearing* on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).

While the COVID-19 pandemic and the potential employment may be new information not known to Collazo at the time of the original detention hearing, his ties to the community certainly are not. Collazo's roots in the community, along with a diagnosis of asthma with him since childhood, would have been known to him at that time. Even so, the new information regarding COVID-19 and potential employment do not change the Court's finding that there is no condition or combination of conditions which would assure the safety of the community should Collazo be released.

    The charges against Collazo trigger the rebuttable presumption under § 3142. In order to rebut the presumption of detention, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Santiago-Pagan*, 1:08-CR-0424-01, 2009 WL 1106814, at *4 (M.D. Pa. Apr. 23, 2009); quoting *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.1986). If the defendant is able to meet this burden of production, the government bears the ultimate burden of persuasion. *See United States v. Perry*, 788 F.2d 100, 114–15 (3d Cir.1986). Even if a defendant rebuts the presumption of dangerousness or flight, however, "the presumption does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Santiago-Pagan*, 2009 WL 1106814, at *4; quoting *United States v. Farris*, No. 2:08cr145, 2008 WL 1944131, at *8 (W.D.Pa. May 1, 2008) (internal citations omitted).

The Court does not find that the new information proffered by Collazo rebuts the presumption of detention in this case. Rebuttal of the presumption of dangerousness requires a showing that defendant's criminality is a thing of the past. *Santiago-Pagan*, 2009 WL 1106814, at *5. The record before the Court does not reflect that Collazo has a respect for the law, personal reliability, or that his criminality is a thing of the past. *Santiago-Pagan*, 2009 WL 1106814, at *5.

Even if Collazo had rebutted the presumption, however, consideration of the factors under the Bail Reform Act require that he be detained pending trial, as "no condition or combination of conditions will reasonably assure the appearance of the person ... and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In determining whether any conditions of release will be sufficient, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Collazo's potential employment and the COVID-19 pandemic change neither the nature and circumstances of the charged offenses nor the weight of the evidence against Collazo. This new information has no impact on the Court's determination of either of these factors, which weigh squarely in favor of continued detention. The drug charges against

Collazo are serious. The evidence against Collazo, as proffered by the Government, is substantial.

The pandemic, Collazo's health, and his potential employment have some bearing, however, on the third factor under the Bail Reform Act, the nature and characteristics of the defendant. Those "characteristics" include the physical and mental health of the defendant, and the existence and potential impact of the COVID-19 virus is a change in that particular characteristic. However, it is but one characteristic contemplated by the Bail Reform Act. The balance of Collazo's history and characteristics still weighs heavily in favor of detention. At the time Collazo alleged committed the offenses in this case, he was on probation for a conviction in Berks County. In sum, Collazo has a history of engaging in dangerous behavior, not complying with terms of release, and being unable to follow rules and orders of the Court. A defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties. *United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020). Collazo's release poses a substantial risk to the probation officers tasked with monitoring his behavior while he is out of jail on pretrial release. *United States v. Lee*, 19-CR-298 (KBJ), 2020 WL 1541049, at *5 (D.D.C. Mar. 30, 2020). It may also place the United States Marshals Service officers at risk if re-apprehending him is necessary. *See United States v. Lunnie*, 4:19-CR-00180 KGB, 2020 WL 1644495, at *5 (E.D. Ark. Apr. 2, 2020).

Finally, the Court considers the fourth detention factor, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release*." *Lee*, 2020 WL 1541049, at *4–5; 18 U.S.C. § 3142(g)(4) (emphases added). Collazo's

release, which the Court has previously determined to pose a danger to the community, now poses a greater danger. That danger now includes not only this Court's previous conclusion that he will continue to engage in the same types of unlawful and potentially dangerous conduct that led to the charges in this case, but also the heightened safety risks that Collazo's release poses to the probation officers tasked with monitoring his behavior if he were to be released on supervision. *Lee*, 2020 WL 1541049, at *4-5; *see also United States v. Fiumara*, CR 15-94, 2020 WL 1540486, at *2 (W.D. Pa. Mar. 30, 2020) (motion for release denied, in part, where defendant did not convince the court that her release would not pose a danger to the community).

Based on the foregoing, the Court finds that there is nothing about the new circumstances of the COVID-19 pandemic, or Collazo's proposed employment upon release, that has a material impact on any of the factors previously considered by this Court in determining that he should be detained. Therefore, Collazo's motion to reopen the Court's detention decision pursuant to 18 U.S.C. § 3142(f) is denied.

III.   **CONCLUSION**

The Court has considered the evidence presented by the Government and by Collazo. However, even considering this information, the balance of the factors under the Bail Reform Act – the nature and circumstances of the offenses charged, the weight of the evidence, the history and characteristics of the defendant, and the danger to the community upon release – mandate that Collazo remain detained, as there is no condition or combination of conditions that can reasonably assure the safety of the community should he be released.

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Collazo's exposure to the virus while at Lackawanna County

Prison, that potential exists anywhere in the community. Lackawanna County Prison has taken steps to minimize infection. There is no evidence that Collazo is not getting the medical attention he needs.

For these reasons, Collazo's motion for pretrial release (Doc. 33) is **DENIED**.

An appropriate Order will follow.


**Dated: May 5, 2020**
*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**